UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

LUIS A. MATTA, *pro se*,

        Defendant.
------------------------------------------------------------------x

**SUMMARY ORDER**

07-CR-459 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

On July 18, 2007, *pro se*[1] defendant Luis A. Matta pled guilty to a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm). As a consequence of his plea, on July 26, 2007, the defendant's parole was revoked by the New York State Parole Department, and the term of his parole was extended until February 3, 2010. On October 26, 2007, this court imposed a 36-month sentence for the Section 922(g) offense. During sentencing, the court did not address whether the 36-month sentence should run concurrently with, or consecutive to, the term imposed in connection with defendant's parole violation. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d. Cir. 2005) (quoting 18 U.S.C.A. § 3584(a) (2009)). Accordingly, defendant's sentence for the Section 922(g) offense was to run consecutive to the sentence imposed for his parole violation.

By letter dated April 5, 2010, defendant requests an order from the court stating its lack of objection to having the 36-month sentence run concurrently with the sentence imposed for his parole violation. The court construes defendant's request as one for reconsideration of the imposed sentence. Jurisdiction for such reconsideration is extremely limited. Indeed, the court

---

[1] Defendant was represented by counsel throughout the underlying federal criminal proceedings.

1

may not resentence a defendant unless expressly mandated by the Second Circuit Court of Appeals or pursuant to the conditions established by Federal Rule of Criminal Procedure 35 or 36. *See U.S. v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005). There has been no such mandate from the Second Circuit, and defendant does not satisfy the requirements of Rules 35 or 36. Accordingly, defendant's request is denied.

SO ORDERED.

DATED: Brooklyn, New York
         June 23, 2010

                                                                       /s/
                                            DORA L. IRIZARRY
                                          United States District Judge